**YU XIAN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0338–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Lee Ratner, of Counsel to Michael Brown, New York, New York, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the May 1, 2008, due date specified in the scheduling order issued on February 29, 2008, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d). Respondent, by letter dated September 15, 2008, submitted documents demonstrating that a request for an extension to time was submitted by letter on April 24, 2008—before the May 1, 2008 deadline. This Court did not act upon this request for an extension. The government submitted its brief on June 2, 2008, within the 30–day time period requested in the extension letter.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Xian Chen, a native and citizen of the People's Republic of China,

seeks review of a December 31, 2007 order of the BIA affirming the April 21, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Xian Chen,* No. A96 017 981 (B.I.A. Dec. 31, 2007), *aff'g* No. A96 017 981 (Immig.Ct.N.Y.City, Apr. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ We conclude that the IJ's adverse credibility determination is supported by substantial evidence, as it was properly based on the following omissions: (1) while Chen testified that she was arrested and beaten in October 2002, she denied that she was ever arrested at both her airport and credible fear interviews; and (2) Chen

failed to mention that she had been forced to submit to an abortion at her airport interview.

■ Under the guidelines that we set forth in *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004), we find that the records of Chen's airport and credible fear interviews are sufficiently reliable to support an adverse credibility determination. First, the records of those interviews are in question and answer format, and appear to be verbatim accounts of the exchanges between Chen and the immigration officers. *See id.* at 180. Moreover, Mandarin interpreters were provided at both interviews, and nothing in the records suggest that Chen did not understand the questions asked of her. Additionally, the questions that were posed to Chen appear designed to elicit the details of an asylum claim, and Chen's responses evince a willingness to answer the government's questions. Contrary to Chen's argument, the omissions identified by the agency go to the heart of her claim, as her alleged forced abortion and arrest provide the very bases for her assertion that she was persecuted in China. *See Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 308–09 (2d Cir.2003). Accordingly, they provide proper support for the IJ's adverse credibility determination. Moreover, as the IJ found, Chen's failure "to provide consistent and coherent testimony regarding her claimed opposition to family planning policy in China [was] further evidence of a lack of credibility." Particular deference is given to such assessments of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005).

While the IJ's decision is not without error,* remand would be futile in this case

---

* The IJ erroneously found that while Chen stated at her credible fear interview that the government took away the store that she and her husband operated as punishment for at-

tempting to have a second child, she testified that it had been taken from them because she had an argument with government authori-

because we can confidently predict in view of the substantial omissions identified by the IJ, that the agency would reach the same conclusion absent the IJ's flawed finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

ties. However, the record of Chen's credible fear interview indicates that she stated, "Our business was closed because I argued with some of the officials." Because this finding is not supported by the record, it does not support the IJ's adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 308–09.

